SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN STANTON,<br><br>            Plaintiff,<br><br>            v.<br><br>D.C. COURT OF APPEALS,<br><br>            Defendant. | Civil Action No. 11-cv-0613 (RLW) |

## **MEMORANDUM OPINION**[1]

John Stanton is a suspended attorney who has been seeking reinstatement to the District of Columbia Bar for almost three decades. Stanton has unsuccessfully petitioned the District of Columbia Court of Appeals ("DCCA") for reinstatement no less than five times. In addition, he has also filed lawsuits in federal court posing constitutional challenges to both the substantive provisions of the District of Columbia Rules of Professional Conduct, and to the procedures governing reinstatement.[2] Now Stanton has initiated yet another collateral attack on the District of Columbia Bar disciplinary procedures which have been established and operated by the DCCA. The DCCA has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2] The details of Stanton's reinstatement efforts are well-documented. The Court shall not recite the details here. For a full history see the following cases: In re Stanton, 470 A.2d 272 (D.C. 1983); In re Stanton, 470 A.2d 281 (D.C. 1983); In re Stanton, 532 A.2d 95 (D.C. 1987); In re Stanton, 589 A.2d 425 (D.C. 1991); In re Stanton, 682 A.2d 655 (D.C. 1996); In re Stanton, 757 A.2d 87 (D.C. 2000); In re Stanton, 860 A.2d 369 (D.C. 2004).

(6).  For the reasons set forth below, the Court will grant the DCCA's motion and dismiss Stanton's Complaint with prejudice.

Stanton's complaint for declaratory and equitable relief asserts several constitutional challenges to the District of Columbia Court of Appeals Board on Professional Responsibility ("BPR") Board Rules.  All seven counts of Stanton's complaint allege that the District of Columbia Bar disciplinary process and procedures violate his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act of 1871.  Count I asserts that BPR Rule 11.3 violates Stanton's due process rights because it dictates that the BPR is not "bound by provisions or rules of court practice, procedure, pleading, or evidence." (Compl. ¶ 91).  Count II asserts that BPR procedures, specifically BPR Rules 7.16 and 9.4, violate due process because they do not permit the subject of a disciplinary charge to challenge the sufficiency of the allegations of misconduct prior to fact-finding, while Bar Counsel may move to dismiss a reinstatement petition that is legally insufficient on its face.[3] (Compl. ¶¶ 93-96).  Count III contends that the fact that the DCCA does not consider factual assertions and arguments that were not raised in the reinstatement petition violates his due process rights.  (Compl. ¶¶ 99-100).  Count IV challenges the DCCA's deferential review of the factual findings of the BPR on due process grounds because its deference to the BPR's findings "increases the already excessive risk of error (injustice) apparent in the BPR process."  (Compl. ¶¶ 105-106).  Count V contends that the DDCA's interpretation of the DC Bar disciplinary rules—to require "straightforward acceptance" of advocacy for guilty pleas by counsel for the accused in criminal prosecutions—violates his due process rights because it fails to provide fair

---

[3]  Stanton also claims that BPR Rules 7.16 and 9.4 violate his rights to equal protection under the Fourteenth Amendment and the Civil Rights Act of 1871.

notice as to a lawyer's obligations under the rules.[4]  (Compl. ¶ 111).  Count VI alleges that the application of the bar disciplinary rules by the DCCA in Stanton's disciplinary proceedings violated the due process and *ex post facto* clauses of the Constitution.  (Compl. ¶ 114, 118).  Finally, Count VII asserts that the DCCA's "dishonesty and pervasive bad faith in the disciplinary action" deprived him of his due process rights.  (Compl. ¶ 130).

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) requires the plaintiff to bear the burden of proving by a preponderance of the evidence that the Court has jurisdiction to entertain his claims.  Fed. R. Civ. P. 12(b)(1); Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must construe Plaintiff's complaint liberally, giving him the benefit of all favorable inferences that can be drawn from the alleged facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).  For this reason,  "[P]laintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  Id. at 13-14 (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed. 1990)) (internal quotes omitted).  In deciding a 12(b)(1) motion, the Court need not limit itself to the allegations of the complaint, and it may consider such materials outside the pleadings as it deems appropriate to resolve the

---

[4]     Stanton has claimed that this interpretation of the DC Bar disciplinary rules has also violated his right to free speech by depriving him of his "right to criticize the state of the law." (Compl. ¶ 112).

3

question whether it has jurisdiction in the case.  See Herbert v. Nat'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." Anderson v. Holder, 691 F. Supp. 2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)) (internal quotes omitted).

A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to plaintiffs and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).  However, where the well-pleaded facts do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1950.  In evaluating a Rule 12(b)(6) motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

**Analysis**

As a preliminary matter, the Court is obligated to determine whether it has jurisdiction to hear plaintiff's claims.  Steele Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (a court's jurisdiction to decide the merits of a case must be established as a "threshold matter"). The United States Supreme Court has declared that federal district courts do not have jurisdiction

to review or modify a judgment of a state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Congress has vested federal court review of such state-court decisions in the Supreme Court.  See 28 U.S.C. § 1257.  The *Rooker-Feldman* doctrine precludes claims that have been already addressed by a state court, but also those claims that are "inextricably intertwined" with the merits of a state-court judgment.  Feldman, 460 U.S. at 483-84 n. 16.  Thus, the claims raised in district court need not have been argued in the state judicial proceeding for them to be barred by the *Rooker-Feldman* doctrine.  Id.

With respect to the application of the *Rooker-Feldman* doctrine in the context of constitutional challenges to bar rules—as is the case here—the District of Columbia Circuit's decision in Stanton is particularly instructive:

> Applying *Rooker-Feldman* requires us to draw a line between permissible general challenges to rules and impermissible attempts to review judgments.  And *Feldman* also tells us that even a constitutional claim pled as a general attack may be so 'inextricably intertwined' with a state court decision that the district court is in essence being called upon to review the state-court decision.
> Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 75 (D.C. Cir. 1997)

(citations omitted).

Turning to Stanton's claims in this case, it is clear that the gravamen of his complaint is that the manner in which the BPR and DCCA adjudicated the initial disciplinary proceedings that resulted in his suspension and his subsequent petitions for reinstatement were violative of his constitutional rights.  However, all of Stanton's claims are either directly precluded by the *Rooker-Feldman* doctrine because each of these claims was raised by Stanton and addressed by the DCCA in Stanton's original disciplinary and subsequent reinstatement proceedings, or his claims are "inextricably intertwined" with the judgment issued by the DCCA in his previous

cases.[5]  See In re Stanton, 470 A.2d 281, 287-88 (D.C. 1983) ("We also agree with the Board that respondent's contention concerning certain improprieties in the conduct of his disciplinary proceedings are similarly without merit."); In re Stanton, 532 A.2d 95, 96 (D.C. 1987) ("petitioner is precluded from challenging the constitutionality of the earlier disciplinary proceedings and disposition of this court.").  Thus, Stanton is inviting this court to review the decisions in his previous cases, and therefore this Court lacks the subject-matter jurisdiction to entertain plaintiff's claims.[6]

Further, because Stanton raised all of these claims in previous litigation against the DCCA—most recently in his fifth petition for reinstatement—the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel) bar this and further litigation on these issues against the DCCA.  See Nat. Res. Def. Council v. Envtl Prot. Agency, 513 F.3d 257, 260 (D.C. Cir. 2008) (setting forth standards for claim preclusion); Yamaha Corp. of Am. V. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) (setting forth standards for issue preclusion).  Moreover, claim preclusion bars re-litigation not only of a matter determined in the prior action, but also all matters that might have been determined, Tutt v. Doby, 459 F.2d 1195, 1197 (D.C.

---

[5]  A judgment of the DCCA is a "state-court" judgment under the *Rooker-Feldman* doctrine.  See 28 U.S.C. 1257 ("For the purposes of this section, the term 'highest court of a State' includes the District of Columbia Court of Appeals."); Feldman, 460 U.S. at 463-64.

[6]  Even if Stanton's claims could be fairly characterized as independent claims generally challenging the bar rules—whereby this court would have jurisdiction to entertain the claims— the claims would still be precluded.  Stanton has not alleged any imminent application of the BPR's rules and disciplinary procedures.  Therefore, to the extent that Stanton claims that his constitutional claims are independent of the disciplinary action taken by the DCCA, it appears that he likely lacks the "personal stake" to comply with standing principles.  Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1516 (D.C. Cir. 1996) ("[a]bsent any actual or imminent application to [plaintiff], it is doubtful that he would have standing to secure adjudication of his general due process claim.").

Cir. 1972), and issue preclusion bars new legal theories that could have been raised in the previous action, Hall v. Clinton, 285 F.3d 74, 81 (D.C. Cir. 2002).

      For the foregoing reasons, this Court will grant the defendant's motion to dismiss plaintiff's complaint.  Plaintiff's complaint is hereby dismissed with prejudice.  The Court will deny defendant's motion to preclude plaintiff from filing future lawsuits against the DCCA.  A separate Order accompanies this Memorandum Opinion.

SO ORDERED.

Date: February 23, 2012

                                                  Robert L. Wilkins
                                                  United States District Judge